PHILLIP F. SHINN (State Bar No. 112051)
pshinn@foxrothschild.com
JAVIER C. RIVERA (State Bar No. 243631)
jrivera@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Tel: 310-598-4159 / Fax: 310-556-9828

Attorneys for Defendants
Benistar Admin Services, Inc.,
Avon Capital, LLC and Donald J. Trudeau

10 OCT -5  PM 4: 07

CLERK U S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

FREYR HOLDINGS, LLC, a
California Limited Liability Company,

Plaintiff,

v.

BENISTAR ADMIN SERVICES,
INC., a foreign corporation; AVON
CAPITAL LLC, a foreign limited
liability company; and DONALD J.
TRUDEAU, an Individual; and DOES
1 through 15, inclusive,

Defendants.

Case No. **CV10 7447**-DSF
(MANx)

Previous Case No. CV10-3674 PSG
(JCx)

NOTICE OF SECOND REMOVAL
OF ACTION UNDER 28 U.S.C. §
1332(DIVERSITY)

Additional documents submitted:
 -Declaration of Donald J. Trudeau
 -Declaration of Phillip F. Shinn

Complaint Filed:    April 5, 2010

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, Defendants, BENISTAR ADMIN

SERVICES, INC. (hereafter, "BENISTAR"), AVON CAPITAL, LLC (hereafter,

"AVON"), and DONALD J. TRUDEAU (hereafter, "TRUDEAU"), referred to

*Left margin:* FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

1  collectively hereafter as "Defendants," hereby remove to this Court the state court

2  action entitled <u>FREY HOLDINGS, LLC v. BENISTAR ADMINISTRATIVE</u>

3  <u>SERVICES, INC., AVON CAPITAL, LLC, and DONALD J. TRUDEAU</u>, Los

4  Angeles Superior Court – South District action number NC054378.

5      This Notice of Second Removal is based upon new information recently

6  disclosed by the Plaintiff in State Court proceedings: specifically, its admissions

7  that:

8      The Plaintiff is a California limited liability company, headquartered in Long
   Beach, California. **The Plaintiff's employees, officers, directors and**
9  **members live and work in California**. The Plaintiff's business would be
   disrupted if this case were removed to Connecticut.  Neither the Plaintiff nor
10  either of the Plaintiff's principals maintain a residence or a place of business
   in Connecticut.  (emphasis added)
11

12      <u>Opposition to Defendants' Motion to Quash Service of Summons or in the</u>
   <u>Alternative to Dismiss for Forum Non Conveniens at pp.12:25-13:1</u>
13
   (Attached as **Exhibit J** to Declaration of Phillip F. Shinn)
14

15  The new information came to Defendants' attention on or about September 24,

16  2010, the date of Plaintiff's Opposition to Defendants' Motion to Quash Service.

17      This second removal is permissible because the new information upon which

18  it is based constitute new grounds for establishing the existence of diversity

19  jurisdiction. *Kay v. Allstar Financial Service, Inc. No. CV 09-3600, 2009 WL*

20  *151205 at 2 (C.D. Cal. May 29, 2009)* ("A second removal is permissible when

21  made on new grounds arising from subsequent pleadings or events.").

22

23  **I.    PLEADINGS & PROCEDURES TO DATE**

24      A)   <u>INITIAL COMPLAINT IN STATE COURT</u>

25      On April 5, 2010, Freyr Holdings, LLC ("Plaintiff") commenced an action in

26  the Superior Court of California for the County of Los Angeles, entitled <u>Freyr</u>

27  <u>Holdings, LLC v. Benistar Administrative Services, Inc., a foreign corporation;</u>

28  <u>Avon Capital LLC, a foreign limited liability company; Donald J. Trudeau, an</u>

CASE NO:

individual; and Does 1 through 15, inclusive, as Case No. NC054376 ("State Action"). Plaintiff served the Summons and Complaint on Defendants by mail. Plaintiff also served Defendants with a Case Management Notice and a Notice of Case reassignment and an Order for Plaintiff to Give Notice. True and correct copies of these documents were attached as Exhibit 1 to the Declaration of Yesenia M. Gallegos ("Gallegos Declaration"), which was filed in support of the initial Notice of Removal. (See Declaration of Phillip F. Shinn: **Exhibits A – C**.)

B)    REMOVAL TO FEDERAL COURT & REMAND TO STATE COURT

The initial Notice of Removal, filed on May 14, 2010, was timely in that Defendants believe it was filed and served within 30 days of the service of Plaintiff's summons and Complaint on the Defendants. *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (defendant's period for removal will be no less than 30 days from service). (Declaration of Phillip F. Shinn: **Exhibit D:** Notice of Removal of Action.)

On June 28, 2010, the Court issued its Order to Show Cause Re Remand to State Court. The Court's Order to Show Cause was based on two grounds: 1) that removal jurisdiction is based on citizenship, but the Defendants' pleadings are based on residence; and 2) as to partnerships, limited liability companies and unincorporated associations, the citizenship of each of the entity's partners or members must be alleged. (Decl. of P.F. Shinn: **Exh E:** Order to Show Cause, 6/28/10).

On July 16, 2010, Defendants filed their Amended Notice of Removal in response to the Court's Order to Show Cause (Decl. of P.F. Shinn: **Exh. F:** Amended Notice of Removal, 7/16/10).

On August 2, 2010, the Court issued a Minute Order, remanding this matter to the Superior Court of California for the County of Los Angeles – South District. In its Order, the Court concluded:

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

Defendants failed to provide any information about the citizenship of Freyr Holdings, LLC's members, even though Defendants identified the correct legal standard for determining the citizenship of limited liability companies elsewhere in the response. As Defendants failed to provide sufficient information about Plaintiff's citizenship, the Court is unable to determine whether complete diversity exists in this action. Accordingly, the Court REMANDS the case to state court.

(Decl. of P.F. Shinn: **Exh. G:** Minute Order at p.2, 8/2/10)

### C)   PROCEEDINGS IN STATE COURT AFTER REMAND

In state court, on August 31, 2010, Defendants filed a Motion to Quash Service of Summons or, in the Alternative, to Dismiss for Forum Non Conveniens, based on California's lack of personal jurisdiction over the Defendants (Decl. P.F. Shinn: **Exh. I:** Mot. To Quash, filed 8/31/10).

On September 24, 2010, Plaintiff filed its Opposition to Defendants' Motion to Quash Service of Summons or in the Alternative to Dismiss for Forum Non Conveniens (Decl. P.F. Shinn: **Exh. J**: Opposition to Mot. to Quash, filed 9/24/10). PLAINTIFF'S Opposition was supported by the declarations of its two principal members, William Lui (**Exhibit K** to Decl. of P.F. Shinn) and Richard Marshall (**Exhibit L** to Decl. of P.F. Shinn).

## II.   FACTS

### A)   PLAINTIFF FREYR HOLDING, LLC'S CITIZENSHIP

In the State Court proceeding, Plaintiff's Opposition to Defendants' Motion to Quash Service contains key admissions that the Plaintiff limited liability company's **members "…live and work in California**…," and that "Neither the Plaintiff **nor either of the Plaintiff's principals** maintains a residence or a place of business in Connecticut." (emphasis added) (**Exh. J** to Decl. of P.F. Shinn: Opp. to Motion to Quash at pp.12:25).

Plaintiff's two principals, William Lui and Richard Marshall, state facts in their declarations that establish a prima facie case for finding diversity jurisdiction. Mr. Lui declares, in relevant part, that:

Notice of Second Removal
SFI 46442v5 10/05/10

CASE NO:

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

- "I am also a principal of Freyr Holdings, LLC ("Freyr")...Freyr is headquartered in Long Beach, California." (**Exh. K** at ¶ 1, p.1:3-5);
- "After I relocated to southern California, the Defendants continued to negotiate deals with me." (**Exh. K** at ¶25: p.4:20-21);
- "One example of his travels is an e-mail he sent to me, at my Long Beach, California, address…" (**Exh. K** at ¶ 31, p.5:12-13)
- "If this case were dismissed and transferred to Connecticut, as the Defendants have requested, Freyr, Mr. Marshall and I would be seriously inconvenienced. Freyr and its employees are in California. All of Freyr's business records—bank statements, client files, and other important documents—are in our Long Beach offices. Our banks are in California. Employees and other witnesses to the events surrounding this action are located in California." (**Exh. K** at ¶ 40, p.6:18-22)

Plaintiff's other principal, <u>Richard A. Marshall</u>, has declared that:

- "I am a principal and managing member of Freyr Holdings, LLC ("Freyr"), a California limited liability company headquartered in Long Beach, California. (**Exh. L** at ¶ 1, p.1:1-2);
- "During late 2007 and early 2008, Lui traveled frequently between the east coast and Long Beach, California. We met frequently in Freyr's Long Beach offices during that period." (**Exh. L** at ¶ 8, p. 1:25-27);
- "During that period, I was based exclusively in Long Beach, California, and most of my work was performed in Freyr's Long Beach offices." (**Exh. L** at ¶ 10, p.2:4-5);
- "If this case were dismissed and transferred to Connecticut, as the Defendants have requested, Freyr, Mr. Lui and I would be seriously inconvenienced. Freyr and its employees are in California. All of Freyr's business records—bank statements, client files, and other important

1    documents—are in our Long Beach offices.  Our banks are in California.
2    Employees and other witnesses to the events surrounding this action are
3    located in California." (**Exh. L** at ¶ 11, p. 2:9-13).

4

5    B)    DEFENDANTS' CITIZENSHIP

6         There are three named Defendants in this action: 1)  Benistar Admin
7    Services, Inc. (BASI), which is a corporation; 2) Avon Capital, LLC (AVON),
8    which is a limited liability company; and 3) Donald J. Trudeau (TRUDEAU), who
9    is a natural person.

10        Defendant BASI is incorporated under the Laws of Delaware, and has its
11   corporate headquarters in Connecticut (Declaration of Donald J. Trudeau at ¶ 2).
12   BASI's corporate officers and directors direct, control and coordinate BASI's
13   business activities from its headquarters in Connecticut, have their offices in
14   Connecticut, and meet in Connecticut (Declaration of Donald J. Trudeau at ¶ 3).

15        Defendant AVON is organized as a limited liability company under the Laws
16   of Connecticut, and has its headquarters in Connecticut (Declaration of Donald J.
17   Trudeau at ¶ 4).  AVON's company executives direct, control and coordinate
18   AVON's activities from its headquarters in Connecticut, have their offices in
19   Connecticut, and meet in Connecticut (Declaration of Donald J. Trudeau at ¶ 5).

20        99% of AVON is owned by Carpenter Financial Group, Inc. (hereafter,
21   "CFG"), which is a corporation organized under the laws of Delaware and has its
22   corporate headquarters in Connecticut (Declaration of Donald J. Trudeau at ¶ 6).

23        CFG's corporate officers and directors direct, control and coordinate its
24   business activities from its headquarters in Connecticut, have their offices in
25   Connecticut, and meet in Connecticut (Declaration of Donald J. Trudeau at ¶ 7).

26        The remaining 1% of AVON is owned by its managing member, Caroline
27   Financial Group, Inc. (hereafter, "CAROLINE"), which is a corporation organized
28   under the laws of Delaware and has its corporate headquarters in Connecticut

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

6

CASE NO:

(Declaration of Donald J. Trudeau at ¶ 8). CAROLINE's corporate officers and directors direct, control and coordinate CAROLINE's business activities from its headquarters in Connecticut, have their offices in Connecticut, and meet in Connecticut (Declaration of Donald J. Trudeau at ¶ 9).

Defendant TRUDEAU is a citizen of the United States, maintains his sole residence in Connecticut, and is domiciled in Connecticut. TRUDEAU is employed, registered to vote, pays taxes, holds a driver's license, and owns assets, all in Connecticut (Declaration of Donald J. Trudeau at ¶ 10).

## III.    SUBJECT MATTER JURISDICTION

This is a civil action over which this Court has original jurisdiction under *28 U.S.C. section 1332*. It may be removed to this Court by Defendants pursuant to the provisions of *28 U.S.C. section 1441* because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A)    PLAINTIFF FREYR AND ITS MEMBERS ARE CALIFORNIA CITIZENS

Plaintiff Freyr Holdings, LLC, is a California limited liability company headquartered in Long Beach, California. (*See* Complaint, ¶ 1). By Plaintiff Freyr's recent admissions, "<u>all</u>" of Plaintiff's "employees, officers, directors and <u>members</u> live and work in California," (emphasis added) while <u>neither</u> of its "principals," Mr. Lui nor Mr. Marshall, "…maintain a residence or a place of business in Connecticut." (**Exh. J:** Opp. to Mot. to Quash at pp.12:26-13:1).

If Plaintiff is using the terms "members" and "principals" interchangeably, then it follows that Mr. Lui and Mr. Marshall are the <u>only</u> two members of the LLC, and both members of Plaintiff live and work in California.

The declarations of Mr. Lui and Mr. Marshall support a conclusion that they are both citizens of the State of California. Both maintain addresses in Long Beach, California, have offices there, and work for a company that has its officers,

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

CASE NO:

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

1  employees, bank statements, client files, and important records in California. (**Exh.**
2  **K:** Decl. of W. Liu at ¶¶ 1, 25, 31 & 40) (**Exh. L:** Decl. of R. Marshall at ¶¶ 1,8,10
3  & 11).

4      In addition to currently living and working in Long Beach, California, in
5  2007 and 2008, Mr. Marshall was "based exclusively" there (**Exh. L:** Decl. of R.
6  Marshall at ¶10).  Mr. Lui admits that he has "relocated to southern California."
7  (**Exh. K:** Decl. of Lui at ¶ 25).

8      If Plaintiff is distinguishing between the term "members" and "principals,"
9  and there are members other than or in addition to Messrs. Lui and Marshall,
10  Plaintiff has still made an unequivocal admission that "all" of its members 'live and
11  work in California." On its face, this can only mean that the Planitiff, Freyr
12  Holdings, LLC, is owned by members who are natural persons, and that all of them
13  live and work in California. It would be nonsensical to say that an artificial entity
14  "lives and works" in California.

15      A natural person's residence is prima facie evidence of his domicile. If
16  disputed, however, the domicile may be established by "domiciliary intent." *State*
17  *Farm Mutual Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994).*

18      Taken together with the additional admissions in the Lui and Marshall
19  declarations, this admission is sufficient to establish a prima facie case for the
20  diverse citizenship of each member of the Plaintiff LLC. Having been placed on
21  notice that all of Plaintiff's members live and work in California, the Defendants in
22  this case have acted diligently by filing this second removal petition within 11 days
23  after the new information about Plaintiff's citizenship was disclosed by Plaintiff.

24
25  B)  DEFENDANTS BASI, AVON & TRUDEAU ARE ALL CITIZENS OF CONNECTICUT

26      All three of the Defendants herein are citizens of the State of Connecticut.
27  Defendant Benistar Admin Services, Inc. is a Delaware corporation headquartered
28  in Connecticut. Defendant, Avon Capital, LLC, is a Connecticut limited liability

8

1  company that is headquartered in Connecticut.  Avon Capital is owned entirely by

2  two corporations that are both organized under Delaware law and headquartered in

3  Connecticut.  The individual Defendant, Donald J. Trudeau is domiciled in

4  Connecticut.  Thus, all of the Defendants are citizens of Connecticut and Delaware,

5  and the Plaintiff and its members are citizens of California.

6      Complete diversity exists between Plaintiff and all three Defendants.

7  Diversity jurisdiction therefore exits under 28 U.S. C. § 1332.

8
9      1)    Defendant "BASI" Qualifies as a Citizen of
             Connecticut

10     Because Defendant BASI is a corporation, the "nerve center" test of

11  citizenship applies under the Supreme Court's recent decision in *Hertz Corp. v.*

12  *Friend, 559 U.S.____, ____S. Ct.___, 175 L.Ed.2d 1029 (2010):*

13      We conclude that "principal place of business is best read as referring to the
        place where a corporation's officer direct, control, and coordinate the
14      corporation's activities.  It is the place that Courts of Appeal have called the
        corporation's "nerve center."
15
16          559 U.S. at ____, 175 L.Ed.2d at 1041

17  It is undisputed that Defendant BASI's officers direct, control and coordinate its

18  corporate activities from Connecticut.   BASI is therefore a citizen of Connecticut,

19  and diversity exists between BASI and Plaintiff.

20

21      2)    Avon Capital, LLC, is a Citizen of Connecticut

22     In the case of a limited liability company, the existence of diversity

23  jurisdiction "…depends on the citizenship of 'all the members.'  *C.T. Carden v.*

24  *Arkoma Associates, 494 U.S. 185, 195,  110 S. Ct. 1015,1021, 108 L.Ed.2d 157,168*

25  *(1990.)*

26     Diversity jurisdiction exists as to Defendant Avon Capital, LLC because

27  Avon is a Connecticut limited liability company with its principal place of business

28  in Connecticut (Declaration of D. Trudeau at ¶ 4).  Moreover, Avon is entirely

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

9

1  owned by two corporations, Carpenter Financial Group, Inc. and Caroline Financial

2  Group, Inc., both of which are organized under Delaware Law and headquartered in

3  Connecticut (Declaration of D. Trudeau at ¶¶ 6,8).

4        3)    Defendant  Trudeau is a Citizen of Connecticut

5        Defendant Donald J. Trudeau is a natural person.  In order to establish

6  citizenship, a natural person must show that he is a citizen of the United States, and

7  is domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd., 704 F.2d*

8  *1088, 1090 (9th Cir. 1983)*.  As state above with respect to Plaintiff's members, a

9  natural person's residence is prima facie evidence of his domicile.  If disputed,

10  however, the domicile may be established by "domiciliary intent." *State Farm*

11  *Mutual Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994).*

12        Factors evidencing domiciliary intent of a natural person include the state of

13  employment, voter registration, state of filing tax returns, state of driver's license,

14  and state where assets are located.  Defendant Trudeau has established both his

15  residence and domiciliary intent to remain in Connecticut.   Defendant TRUDEAU

16  is a citizen of the United States, maintains his sole residence in Connecticut, and is

17  domiciled in Connecticut.  TRUDEAU is  employed, registered to vote, pays taxes,

18  holds a driver's license, and owns assets, all in Connecticut (Declaration of Donald

19  J. Trudeau at ¶ 10).

20

21        4)    The DOE Defendants Should Be Disregarded

22        Further, Defendants believe and on that basis allege that none of the

23  fictitiously-named Defendants (DOES 1 – 15) have been identified by Plaintiff or

24  served with the Summons and Complaint. 28 USC § 1441(a); *Newcombe v. Adolf*

25  *Coors Company*, 157 F.3d 686, 690-691 (9th Cir. 1998).  Where the Court has "no

26  information as to who they are or where they live or their relationship to the

27  action," it is proper to disregard Doe Defendants upon removal. *McCabe v.*

28  *General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Fristoe v.*

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

10

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

1  *Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[U]nknown

2  Defendants sued as 'Does' need not be joined in a removal petition."). Based on

3  the foregoing, complete diversity exists between Plaintiff and Defendants.

4

5        C)    THE JURISDICTIONAL MINIMUM HAS BEEN ESTABLISHED

6        Where, as here, the Complaint does not demand a specific dollar amount, the

7  removing Defendants bear the burden of proving by a preponderance of evidence

8  that the amount in controversy exceeds $75,000. *See Kroske v. US Bank Corp.*,

9  432 F.3d 976, 980 (9th Cir. 2005). In making this assessment, the court may

10  consider the facts in the removal petition, including evidence relevant to the

11  amount in controversy at the time of removal. *Id.* In measuring the amount in

12  controversy, a court must assume that any admissions in the Complaint are true.

13  *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D.Cal. 2008).

14        Here, Plaintiff alleges two causes of action: (1) breach of oral/implied in fact

15  loan agreement; and (2) money lent. Plaintiff seeks: damages in an amount to be

16  proven at trial, which is believed to "***exceed $500,000***"; costs of suit incurred; and

17  such other relief deemed proper by the Court. (See Complaint, pp. 5-6.)[1] The

18  Complaint, therefore, meets the jurisdictional threshold of $75,000.

19  / / /

20  / / /

21  / / /

22  / / /

23

---

24  [1] Defendants dispute that they have any actual liability to Plaintiff whatsoever.

25  Nonetheless, for the limited purpose of determining removal jurisdiction, "the ultimate inquiry is what amount is put 'in controversy' by the Plaintiff's complaint,

26  not what a defendant will *actually* owe." *Korn*, 536 F.Supp.2d at 1205 (emphasis

27  in original). Therefore, although Defendants believes they actually owes Plaintiff nothing and that Plaintiff has suffered no damages, it is clear that Plaintiff has put

28  "in controversy" more than the jurisdictional minimum.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

## IV.   VENUE IS PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA

At the time of the initial Notice of Removal, this action was pending in the Superior Court of California in the County of Los Angeles and, therefore, venue in this Court is proper pursuant to 28 U.S.C. § 84(b) and 28 U.S.C. § 1391(a).[2]

## V.   NOTIFICATIONS

As required by 28 U.S.C. § 1446(d), Defendants promptly served notice to Plaintiff, by counsel, of the initial removal of this action to federal court. As required by 28 U.S.C. § 1446(d), Defendants filed a copy of the initial Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

Defendants have served Plaintiffs with this Notice of Second Removal, and will promptly file the Notice of Second Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles – South District.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] However, Defendants expressly reserve their rights to move for a transfer of venue to the District of Connecticut pursuant to 28 U.S.C. § 1404(a).

12

## VI.    CONCLUSION

For the foregoing reasons, there is good cause for the Court to exercise subject matter jurisdiction based upon diversity of citizenship under 28 U.S.C § 1332.

DATED:  October 5, 2010                    Respectfully submitted,

FOX ROTHSCHILD LLP

By: _____
Phillip F. Shinn
Javier C. Rivera
Attorneys for Defendants
Benistar Admin Services, Inc., Avon Capital, LLC and Donald J. Trudeau

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90046
Telephone: (310) 598-4159

Notice of Second Removal
SF1 46442v5 10/05/10

CASE NO: