JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7447 PSG (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Freyr Holdings LLC v. Benistar Admin Services Inc. *et al.* | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                             Not Present

**Proceedings:**     (In Chambers) Order REMANDING case to state court

      Pending before the Court are (1) Plaintiff Freyr Holdings, LLC 's ("Plaintiff") motion to remand to California Superior Court; and (2) Defendants Benistar Admin Services, Inc.'s, Avon Capital LLC's, and Donald J. Trudeau's (collectively, "Defendants") motion to dismiss for lack of personal jurisdiction and improper venue.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers submitted in support of and in opposition to these motions, the Court hereby REMANDS the case to state court.

I.     Background

      On April 5, 2010, Plaintiff Freyr Holdings, LLC ("Plaintiff") filed suit in the Superior Court of California for the County of Los Angeles, alleging causes of action for breach of oral/implied contract and for money lent.  On May 14, 2010, Defendants filed their first Notice of Removal, asserting that the case fell within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Defendants stated the citizenship of the parties as follows: (1) Plaintiff, a limited liability company, is "headquartered in Long beach, California[;]" (2) Defendant Benistar Admin Services, Inc. is a Delaware corporation with its principal place of business in Connecticut, (3) Defendant Avon Capital LLC's members "are residents of Connecticut and Delaware[;]" and (4) Defendant Donald J. Trudeau is a resident of Connecticut.  *See Notice* 3:4-19.  Defendants also indicated that the amount in controversy exceeds $75,000.

      On June 28, 2010, the Court issued an Order to Show Cause ("OSC") why the case should not be remanded to state court. Defendants responded to the Court's OSC on July 16,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7447 PSG (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Freyr Holdings LLC v. Benistar Admin Services Inc. *et al.* | | |

2010, by filing an "Amended Notice of Removal in Response to Order to Show Cause." Although Defendants acknowledge that the citizenship of a limited liability company depends on the citizenship of all its members, they failed to provide any information about the citizenship of Freyr Holdings, LLC's members. Thus, because the amended notice did not adequately state facts upon which diversity of citizenship could be determined, on August 2, 2010 the Court remanded the case. *See Order Granting Plaintiff's Motion to Remand, No. 2:10-CV-03674-PSG-JC*, Dkt. #19 (Aug. 2, 2010).

On October 5, 2010, Defendants filed a "Second Notice of Removal" on grounds of diversity jurisdiction.[1] Defendants assert that the successive notice of removal is proper because the second notice is "based on new information recently disclosed by the Plaintiff in state court proceedings: specifically its admissions that...Plaintiff's employees, officers, directors and members live and work in California." *Notice of Second Removal* 2:5-10 (Dkt. #1 (Oct. 5, 2010)). Plaintiff moved to remand the case on October 11, 2010, and, one day later, Defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue. *See* Dkt. ##13-14.

II.    Legal Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Mattel, Inc. v. Bryant*, 441 F. Supp.2d 1081, 1089 (C.D. Cal. 2005).

III.    Discussion

In moving to remand, Plaintiff contends Defendant's Second Notice of Removal is defective for essentially three reasons: (1) it reflects an improper attempt to successively remove

---

[1] For the sake of consistency with Defendants' filings, the Court will refer to Defendants' October 5, 2010 motion as the "Second Notice of Removal," even though it actually constitutes Defendants' third attempt to remove the case.

JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7447 PSG (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Freyr Holdings LLC v. Benistar Admin Services Inc. *et al.* | | |

on the same grounds; (2) it was not timely filed within the applicable 30 day statutory period; and (3) it fails to assert facts sufficient to establish complete diversity. *Mot.* 1:26-2:14. Additionally, Plaintiff argues that Defendants waived their right to remove the action to federal court by filing a forum non conveniens motion in state court on August 30, 2010. *Id.* 5:18-6:5.

Even assuming, for purposes of this motion, that Defendants did not waive their right to remove and filed their notice of removal in a timely fashion under § 1446(b), the Second Notice of Removal is still inadequate because it fails to establish diversity jurisdiction. *Opp.* 6:10-8:12. To demonstrate the existence of diversity jurisdiction at the time of removal, Defendants must show that the parties were of diverse citizenship, and that it is more likely than not that "the matter in controversy exceed[ed] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Citizenship for the purposes of diversity is established where a person is both a citizen of the United States and is a domicilliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is her permanent home, where she resides *with the intention to remain* or to which she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986) (emphasis added). Accordingly, as theNinth Circuit has recognized, a person residing in a given state is not necessarily domiciled there, and thus, not necessarily a citizen of that state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.2001) (noting that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.").

As the Court's prior order remanding this case made clear, the citizenship of a limited liability company depends on the citizenship of all its members. *See C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)*; see also Order Granting Plaintiff's Motion to Remand, No. 2:10-CV-03674-PSG-JC*, Dkt. #19 (Aug. 2, 2010). Here, for the third time, Defendants fail to properly allege the citizenship of Freyr Holdings, LLC's members. The Second Notice of Removal alleges that "all" of Plaintiff's "employees, officers, directors and members live and work in California," while "neither the Plaintiff nor either of the Plaintiff's principals maintain a residence or a place of business in Connecticut." *Second Notice of Removal* 4:20-25; 7:19-23 (*citing Shinn Decl.* Ex. J (Opp. to Mot. to Quash at 12:26-13:1)). It also alleges that Plaintiff's "two principals, William Lui and Richard Marshall, state facts in their declarations that establish a prima facie case for finding diversity jurisdiction." *Id.* 4:26-6:3. Then, presumably in an effort to establish the citizenship of the Plaintiff limited liability company, Defendants proffer the following:

> If Plaintiff is using the terms "members" and "principals" interchangeably, then it follows that Mr. Lui and Mr. Marshall are the only two members of the

**JS-6 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7447 PSG (JCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Freyr Holdings LLC v. Benistar Admin Services Inc. *et al.* | | |

      LLC, and both members of Plaintiff live and work in California.

*Id.* 7:23-26. Not only is this assumption is unsubstantiated, even if taken as true, it still would not adequately allege that either Mr. Lui or Mr. Marshall are *citizens* of California. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.2001).

      Alternatively, Defendants posit:

> If Plaintiff is distinguishing between the term "members" and "principals," and there are members other than or in addition to Messrs. Lui and Marshall, Plaintiff has still made an unequivocal admission that "all" of its members "live and work in California."

However, upon reviewing the brief that purportedly contained such an "unequivocal admission," the Court finds Defendants' statement misleading, if not deliberately disingenuous. At no point does Plaintiff aver that "all" of its employees, officers, directors and members "live and work in California." And, as the Court has repeatedly emphasized, living and working in California is not enough to establish diversity jurisdiction.

      Thus, as before, Defendants fail to provide the Court with sufficient information about Plaintiff's citizenship to ascertain whether complete diversity exits in this action. Accordingly, because Defendants fail to meet their burden of establishing subject matter jurisdiction, the Court REMANDS the case to state court.

IV.    Conclusion

      Because the Court lacks subject matter jurisdiction, this case is REMANDED. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and, in the Alternative, Transfer of Venue (Dkt. #14 (Oct.12, 2010)) is hereby rendered MOOT. The Court further concludes that, under these circumstances, an award of attorneys fees is inappropriate at this time.

      **IT IS SO ORDERED.**